**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RYAN RODRIGUEZ by and through his
guardian ad litem SHERRIE RUBIO,

    Plaintiff,

    v.

INGERSOLL-RAND COMPANY;
INGERSOLL-RAND EQUIPMENT SALES;
RASMUSSEN EQUIPMENT COMPANY;
and DOES 1 to 100, inclusive,

    Defendants.
_____/

No. C 05-3906 PJH

**ORDER GRANTING MOTION TO REMAND**

Before this court is plaintiff's motion to remand this matter to Contra Costa Superior Court. Having carefully read the parties' papers and considered the relevant legal authority, the court hereby rules as follows.[1]

## BACKGROUND

This instant action is a wrongful death action that was originally filed over a year ago, on September 21, 2004, in state court. In that state court action, plaintiff Ryan Rodriguez ("Rodriguez") sued Ingersoll-Rand Co. and Ingersoll-Rand Equipment Sales (collectively, "Ingersoll-Rand"), along with doe defendants 1-10. In September 2005, after the parties had engaged in extensive discovery, Rodriguez learned the identity of, and served, defendant Rasmussen Equipment Company ("Rasmussen"), which had previously been named only as a

---

[1] This court finds the motion appropriate for decision without further oral argument, as permitted by Civil L.R. 7-1(b) and Fed. R. Civ. P. 78. See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp., 933 F.2d 724, 729 (9th Cir. 1991) (holding that the court's consideration of the moving and opposition papers is deemed an adequate substitute for a formal hearing), cert. denied, 503 U.S. 920 (1992). Accordingly, the November 16, 2005 hearing date is VACATED.

doe defendant. Rasmussen filed a notice of removal (on diversity grounds) within 30 days of being served with the complaint, and Ingersoll-Rand consented to the removal.

Plaintiff Rodriguez now seeks an order remanding the case back to state court, on grounds that Rasmussen's removal was procedurally defective because it was done more than 30 days after Rodriguez had served the first defendant in this case, Ingersoll-Rand.

## **DISCUSSION**

### A. Legal Standard

Remand may be ordered for either lack of subject matter jurisdiction or for "any defect in removal procedure." 28 U.S.C. § 1447(c). The failure to timely file a notice of removal constitutes a procedural defect for which remand may be ordered.

There is a strong presumption in favor of remand. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403-04 (9th Cir. 1996). The removal statutes are construed restrictively, and doubts about removability are resolved in favor of remanding the case to state court. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Guas v. Miles, Inc., 980 F.2d 564 (9th Cir. 1992).

### B. Legal Analysis

The central issue here is whether Rasmussen's 30-day timeframe for removal began to run as of the date Ingersoll-Rand was served (i.e., the "first-served" rule), or as of the date Rasmussen itself was served (i.e., the "last-served" rule). As both parties acknowledge, there is a split among circuits as to whether the first-served rule or the last-served rule governs.

The Ninth Circuit has not weighed in on the debate. See United Computer Systems, Inc. v. AT&T Corp., 298 F.3d 756, 762-63 n.4 (9th Cir. 2002) (acknowledging split of authority, but stating it "express[es] no opinion ... on the propriety of either rule"). In McAnally Enterprises v. McAnally, however, another district court considered a factual scenario very similar to the one at bar. See 107 F. Supp. 2d 1223 (C.D. Cal. 2000). There, a defendant had filed her notice of removal (based on diversity) within 30 days after being served with plaintiff's complaint, but almost one and a half years after the first defendant was served with

2

plaintiff's complaint in state court. The district court applied the first-served rule and remanded back to state court. In so doing, the court catalogued all the cases that had considered the issue, and found that the "majority" of courts had held in favor of applying the first-served rule. The underlying rationale in those cases, as plaintiff points out in his brief here, was threefold: compliance with the unanimity rule, the importance of selecting the forum early in the litigation, and the presumption in favor of remand that exists. With respect to the "minority" last-served rule, the court stated that cases applying it "have cited fairness to defendants and case-specific circumstances as the main reasons for departing from the majority rule." See 107 F. Supp. 2d at 1228.

The McAnally Enterprises rationale is persuasive here. Plaintiff has been litigating the instant action in state court for more than a year. Discovery has been taken there. While some delay would necessarily result by virtue of Rasmussen's addition as a party, it is no more (and potentially less) than would occur in federal court should remand be denied. Under these facts, which the court believes should be taken into account, removing the case now would result in substantial unfairness to the plaintiff, and would constitute an inefficient use of judicial resources.

Accordingly, plaintiff's motion to remand is GRANTED.

**IT IS SO ORDERED.**

Dated: November 9, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge